UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IPC LENDER, LLC,<br>Plaintiff,<br>-against-<br>LED GREENLIGHT INTERNATIONAL, LLC,<br>Defendant. | 26-CV-03104 (VSB) (RFT)<br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On September 1, 2026, I ordered Plaintiff to file a Proposed Findings of Fact and Conclusions of Law ("PFFCL") to, among other things, support its application for damages following the Court's entry of a default judgment in favor of Plaintiff. (ECF 26.) I ordered Plaintiff to provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." (*Id.* ¶ 2 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).) I further ordered Plaintiff to support each of its proposed finding of fact with a citation to a paragraph in a supporting declaration and/or to a page of documentary evidence. (*Id*. ¶ 2.) Additionally, I specified that Plaintiff needed to provide evidence sufficient for the Court to confirm with reasonable certainty that (a) Defendant drew down $337,360.20 from the loan and made a payment of $26,889.83 towards interest and costs, and (b) that Defendant drew on the loan on January 9, 2024, making January 9, 2025 the Draw Maturity Date from which to calculate prejudgment interest. (*Id.* ¶¶ 2(a)-(b).)

On October 1, 2026, Plaintiff filed its PPFCL and supporting declaration, but Plaintiff's filings are insufficient to establish its entitlement to the requested damages with the requisite reasonable certainty. *See Windward Bora LLC v. Montour*, No. 23-CV-03654 (EK) (LGD), 2024 WL 4043989, at *5-6 (E.D.N.Y. Aug. 30, 2024) (explaining that the plaintiff's original submission of

affidavits from the plaintiff's attorney and a loan analyst summarizing the requested amount in damages, with limited evidentiary support, "was insufficient to establish accurate damage costs, as the summary amounted to nothing more than conclusory allegations that are insufficient to support damages"); *Nationstar Mortgage LLC v. Dolan*, No. 16-CV-1360 (GTS) (CFH), 2018 WL 3323526, at *4 (N.D.N.Y. July 6, 2018) (holding that a plaintiff's statement of damages and affidavit from its employee confirming the accuracy of the requested amounts was insufficient to establish the amount of damages with reasonable certainty); *OneWest Bank, N.A., v. Hawkins*, 2015 WL 5706945, at *8 (E.D.N.Y. Sept. 2, 2015) (finding that an affidavit by the plaintiff's authorized signatory detailing the unpaid principal balance on a loan, the unpaid interest, and other outstanding balances and a computer printout summarizing the calculation of the unpaid principal balance without further explanation of the calculation was not sufficient to establish the amount of damages), *report and recommendation adopted*, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015).

Accordingly, Plaintiff is directed to file by **October 30, 2026** a revised PFFCL and supporting declaration and documentary evidence sufficient for the Court to ascertain the amount of damages with reasonable certainty and in compliance with my Order at ECF 26.

DATED: October 23, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**